ADDISON,
January,
1839.

NORTH BANK *v.* NATHAN WOOD AND OTHERS.

*(Practice.)*

ASSUMPSIT. The defendants pleaded, separately, the general issue. The trial in the county court was joint, and the plaintiffs were nonsuited, with leave to move to set aside the nonsuit. The county court refused the motion, and the case came up upon exceptions. The plaintiffs not appearing here, this court adjudged that they take nothing by their motion.

The defendants claimed separate costs.

By the court.—It has been long settled that, in actions *ex contractu*, the defendants are entitled to tax only one travel, term and attorney fee. In actions *ex delicto*, the defendants may always tax separate travel, and, if they plead separately, they may tax separate term fees. But it has not been usual in such cases to allow separate attorney fees, unless the trials or, at least, the judgments are separate. The statute of 1835 extends the rules of courts of chancery, in relation to the joinder of parties, to actions, at law, upon contract. But this court see no good reason to allow separate bills of cost, even when the defendants plead separately, if the trial, as in this case, is joint and upon the general issue. The defendants are entitled to a full term fee, in this court, as of an original entry, the proceedings here being in the nature of a writ of error.

GEORGE A. GAGE *v.* HYDER BARNES.

ADDISON,
January,
1839.

In such case every reasonable intendment is to be made in favor of the legality af the process, and the officer had the right to suppose the execution issued in one of those cases where by law it might issue for 60 days.

Hence a replication to a plea of justification by an officer, setting up an execution for more than fifty three dollars damages, and returnable in 120 days, that said execution, when issued and served, was returnable in 60 days and, subsequently, altered to 120 days, though issue is joined thereon by the defendant, tenders an immaterial issue; and, though found for the plaintiff, the court should not award a repleader, but give judgment for the defendant.

*P. C. Tucker*, for plaintiff.

*C. Linsley*, for defendant.