### PRESCOTT *v.* BARTLETT.

Where several defendants prevail in trespass for assault and battery, the same facts furnishing the same defense to each, they will ordinarily be entitled to but one bill of costs.

In such an action, several pleading does not necessarily entitle the defendants who prevail to several costs.

Where several defendants prevail, by the proof or disproof of substantially the same facts, the mere circumstance that they have pleaded severally, will not entitle them as of course to more than one bill of costs.

In this case the defendants claim several costs under the following circumstances: The suit is trespass to the person of the plaintiff, and the defendants plead severally the general issue with brief statements; that of David Bartlett alleges that what he did was in the necessary defense of his close and of his person; the other two defendants justify as servants and sons of David Bartlett, and in addition David F. Bartlett sets forth an assault upon himself.

At the April term of the court of common pleas, 1859, a general verdict was entered for each of said defendants, and separate costs taxed by the defendants' counsel and put on file; but the judgment was not extended by the clerk, except he made the following entries on the docket: "April 13. Lies at the plaintiff's expense."   "April 15. Verdict for the defendant.   Judgment on the verdict.   The plaintiff appeals.   Bond for security in thirty days.   Sam'l Cilley, Foreman."

The plaintiff appealed to this court, and entered his appeal at the October term, 1859; the action was continued to January term, 1861, at which term, upon complaint of the defendants, reciting the separate verdicts, and the taxation of several costs in the court of common pleas, it was ordered that the judgment of that court be affirmed with costs of this court.

The controversy was in relation to the right of way claimed by the plaintiff over land of David Bartlett, and which the said plaintiff was attempting to exercise at the time of the injury complained of.

The action was brought forward from the January term, on motion of the plaintiff, and the court having declined to allow several bills of cost, the defendants excepted.

*G. C. Bartlett,* for the defendants.

*Wood,* for the plaintiff.

BARTLETT, J.   " Several pleading does not conclusively entitle the parties to several costs." *Ticknor* v. *Harris*, 15 N. H. 108.   In *Crosby* v. *Lovejoy*, 6 N. H. 458, it did not appear that the defenses depended upon the same question of fact; and so in *Currier* v. *Enfield*, 28 N. H. 74, where separate bills of costs were allowed, the court remarking that upon petitions for highways the interests and defenses of the several towns were ordinarily dissimilar.   The latter case is not necessarily inconsistent with *Hanson* v. *Ossipee*, 20 N. H. 524, which states, as the general rule, that but one bill of costs is allowed to the prevailing party, for it may have appeared affirmatively there that the defenses were identical.   In actions of contract, several pleading does not entitle the defendants to several costs, where their defense is common.   *Meagher* v. *Bachelder*, 6 Mass. 444; *Ward* v. *Johnson*, 13 Mass. 48; *Bank* v. *Wood*, 11 Vt. 194; and in the former case the reason is said to be that they can not properly sever.   The pleas there were probably defective in form, but we do not understand that there is any such general rule, as there suggested, to create a distinction in this respect between actions of tort and of contract.   1 Chit. Pl. 566; 3 Chit. Pl. 908; Stephen's Pl. 257; 1 Lill. Ent. 106; Com. Dig. Pl. E 35; 2 Saund. Pl. & Ev. 724; 1 Saund. 207, a and 336, notes; *Moravia* v. *Hunt*, 2 M. & S. 444.   We see no reason why the rule in actions of contract, that where several defendants prevail, the same facts furnishing the same defense to each, they should ordinarily be entitled to but one bill of costs, should not equally apply in tort.   In Massachusetts a different rule is said to have been established by practice; *Fales* v. *Glove*, 9 Met. 318; *Davis* v. *Hastings*, 8 Cush. 314; *Mason* v. *Waite*, 1 Pick. 458; *West* v. *Brock*, 3 Pick. 303; but there seems to have been exceptions to the general rule; *Peabody* v. *Minot*, 24 Pick. 334; *Miller* v. *Lincoln*, 6 Gray 557; and some of the early reported cases seem not unlike *Crosby* v. *Lovejoy*.   The reason given in *Mason* v. *Waite*, that the prevailing party is entitled to costs, is inconclusive upon this point, as it applies equally to all actions.   We do not deem it necessary to examine the various rules in other jurisdictions, as we understand the practice in this State to have been generally in conformity with the views we have expressed.   We think there is no substantial difference in effect whether two join in one plea or plead the same defense severally, and in the mere fact of the joinder or severance, under such circumstances, we see no sufficient reason for the disallowance of several costs in the one case, and their allowance in the other.   Such a rule does not commend itself to our judgment, either for its equity or its practical expediency.   We are, therefore, of opinion that where several defendants prevail, by the proof or disproof of substantially the same facts, the mere circumstance that they have pleaded severally will not entitle them as of course to more than one bill of costs.   In other cases we have held that the form of the pleadings was not always conclusive upon the question of costs.   *Morrill* v. *Foster*, 36 N. H. 58; *Batchelder* v. *Green*, 38 N. H. 266.   We apprehend no more difficulty in the practical application of this rule than of those relating to several issues, or the same witnesses summoned in several actions.   *Meacham*

v. *Jones*, 10 N. H. 126; *Bliss* v. *Brainard*, 42 N. H. 255. Whether these views would be applicable where parties are manifestly joined as defendants, without reason, or in similar cases, we need not decide. *Ticknor* v. *Harris*, 15 N. H. 108. As the question we have considered is one of not uncommon occurrence, we have chosen to examine it without inquiring whether by section 7, chapter 191, of the Revised Statutes, the matter was not wholly within the discretion of the court at the trial; *Meacham* v. *Jones*, 10 N. H. 129; for if it was, of course we should have arrived at the same result. The exceptions must be overruled.